Gerald SANDERS

v.

**Louis W. SULLIVAN, M.D., Secretary of Health & Human Services.**

No. B–88–0945–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

March 22, 1991.

Peter F. Doyle, Jr., Port Arthur, Tex., for plaintiff.

Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

The plaintiff, Gerald Sanders, filed a claim for Social Security disability benefits, pursuant to 42 U.S.C. § 416(i). His claim was denied initially and on appeal, and at his request, a hearing was held before an Administrative Law Judge (ALJ). The ALJ issued a decision finding the plaintiff was not disabled within the meaning of the Social Security Act (the Act). The Appeals Council denied the plaintiff's request for review of the ALJ's decision, and the ALJ's decision therefore was adopted as the decision of the defendant Secretary of Health and Human Services (the Secretary). The plaintiff timely sought review by this court. Both parties have moved for summary judgment.

The only question before this court on review is whether the Secretary's decision is supported by substantial evidence. *Hollis v. Bowen*, 837 F.2d 1378 (5th Cir.1988). If supported by substantial evidence, the Secretary's findings are conclusive, and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

This court has reviewed the motions of both parties and the record of transcript and exhibits from the hearing before the ALJ.[1] The court finds the decision of the ALJ is not supported by substantial evidence, and concludes this case must be remanded.

The Secretary's motion for summary judgment clearly and accurately states the law regarding review of the Social Security cases in general, and this case in particular.

---

1. References to this record shall be designated as "R. ____"

**454**

This court agrees with the Secretary that the ALJ applied the correct legal standard, both in his comments and rulings during the hearing, and in his subsequent opinion. The problem in this case lies in the paucity of facts supporting the ALJ's decision.

Virtually all the medical exhibits came from Dr. C.H. Beaudry, the plaintiff's treating physician since the time of his back injury in April 1984. The ALJ apparently accepted and relied upon these exhibits in making a determination as to the plaintiff's disability (R. 14–15). The plaintiff only alleges disability from April 1984, the time of his injury, to August 1987, when he obtained substantial gainful employment.

The ALJ himself stated during the hearing that he had no question but that the plaintiff was in fact disabled through February 1985 (R. 59). Yet the ALJ's only findings regarding disability did not in any way mention this definite period of disability (R. 16–17).

An award of disability benefits requires the disability be shown to last twelve consecutive months. 20 C.F.R. § 404.1509. The plaintiff clearly and unequivocally established ten consecutive months of disability, from April 1984 to February 1985. It is impossible to determine from this record whether he established two additional months, since the ALJ did not even recognize the first ten months in his decision. His finding that the plaintiff was not disabled "at any time through the date of this decision" (R. 17) is not supported by substantial evidence.

The only medical evidence introduced is clearly contrary (R. 129–178). The ALJ's own statements during the hearing are contrary. (R. 59). This court does not presume to intrude upon the province of the Secretary and make a determination as to whether this plaintiff is disabled within the meaning of the Act. This court believes, however, it must require the Secretary to be consistent in his findings, and to base those findings upon substantial evidence. Accordingly, the plaintiff's motion for summary judgment is GRANTED, the defendant's motion for summary judgment is DENIED, and this case is REMANDED for further administrative proceedings in accordance with this opinion.